UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALI K. ZAAROUR,<br><br>                     Plaintiff,<br><br>       v.<br><br>RONALD T. MURPHY,<br><br>                     Defendant. | Civil Action No. 21-20782 (JXN) (CLW)<br><br>**OPINION** |

**NEALS**, District Judge

This matter comes before the Court on Plaintiff Ali K. Zaarour's ("Plaintiff") appeal pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c)(1) (ECF No. 61) of the July 12, 2024 Order (ECF No. 60) (the "Order") entered by the Honorable Cathy L. Waldor, U.S.M.J. ("Judge Waldor"). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' appeal (ECF No. 41) is **DENIED**, and the February 21 Order (ECF No. 38) is **AFFIRMED**.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On July 12, 2024, Judge Waldor issued an Order awarding $800.00 in attorney's fees to Plaintiff, pursuant to Fed. R. Civ. P. 37(b)(2)(C) and 54(d)(2), due to Defendant's failure to appear for his deposition. Plaintiff appeals the Order wherein Judge Waldor limited the award of fees "to those incurred in preparing for and/or appearing for Defendant's deposition." (ECF No. 60). The relevant facts follow.

Plaintiff moved to compel Defendant's deposition. (ECF No. 12). Subsequently, the parties stipulated to, and the Court ordered, Defendant's deposition to take place on November 28, 2022. (ECF No. 14). Defendant failed to appear. Plaintiff moved for default judgment based on Defendant's non-appearance and other discovery failures. (ECF Nos. 19-21). Plaintiff's default judgment motion sought "costs and fees," however, it failed to indicate any specificity as to which costs. (ECF No. 53). In Defendant's opposition, counsel averred that Defendant was unable to attend the deposition because he was incarcerated, however, Defendant provided no documentation in support. (*Id.*).

On May 25, 2023, this Court entered a Memorandum Order denying Plaintiff's motion for default judgment. (ECF No. 40).

In June 2023, Defendant offered, and Plaintiff accepted, a Rule 68(a) Offer of Judgment. (ECF No. 42). In accordance with instructions from this Court, the parties submitted a proposed form of judgment which entered judgment in Plaintiff's favor and provided "that "any application for fees pursuant to Rule 37 must be filed in accordance with Rule 54(d)(2)." (ECF Nos. 44, 45). This Court approved the Judgment. (ECF No. 46).

On July 13, 2023, Plaintiff filed a motion for attorney's fees pursuant to Fed.R.Civ.P. 54(d)(2). (ECF Nos. 48-50). Defendant opposed. (ECF No. 51). Plaintiff replied. (ECF No. 52).

On January 8, 2024, Judge Waldor entered a letter order denying Plaintiff's motion for attorney's fees without prejudice because Plaintiff failed to state the amount sought in fees. (ECF No. 53).

On January 19, 2024, counsel for Plaintiff submitted a certification in support of his motion. (ECF No. 54). The certification requested Judge Waldor award legal fees in the amount

2

of $15,400 (19.25 hours at a rate of $800 per hour) and $574.90 for costs for a total of $15,974.90. (*Id.*).

On January 29, 2024, Defendant opposed Plaintiff's certification. (ECF No. 55). Plaintiff replied. (ECF No. 56).

On June 27, 2024, Judge Waldor entered a text order noting that "both [P]laintiff's original fee request and the [c]ourt's letter order. . .centered on Defendant's failure to appear at a deposition" and that after reviewing the submissions, Plaintiff's certification sought to recover fees "outside the scope" and therefore, denied Plaintiff's request. (ECF No. 57). The text order instructed Plaintiff to submit a certification delineating the fees amount expended in preparing for and appearing for Defendant's deposition. (*Id.*). On July 10, 2024, pursuant to Judge Waldor's order, Plaintiff filed a supplemental certification which sought $4,400 (6.5 hours at a rate of $800 per hour) and costs of $574.90 for a total of $5,774.90.

On July 12, 2024, Judge Waldor entered a text order awarding $800.00 in attorney's fees to Plaintiff for the one (1) hour of preparation counsel for Plaintiff spent in preparing for Defendant's deposition. (ECF No. 60).

On July 26, 2024, Plaintiff appealed Judge Waldor's Order. (ECF No. 61).

This matter is now ripe for consideration.

## II.   **STANDARD OF REVIEW**

Magistrate judges may hear non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). A district court may reverse a magistrate judge's determination of a non-dispositive motion only where it is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 83 (3d Cir. 1992). "The party filing the notice of appeal bears the burden of demonstrating

3

that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004) (cleaned up).

A magistrate judge's ruling concerning discovery, including sanctions, is non-dispositive and will thus will generally be set aside only "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Wachtel v. Guardian Life Ins. Co.*, 232 F.R.D. 213, 217 (D.N.J. 2005) (cleaned up). Where a Magistrate Judge has exercised discretion, the District Court will reverse the decision only for an abuse of that discretion. *See Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) ("Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion."); *Cooper Hospital/Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998); *Kresefsky v. Panasonic Communs. & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996); *Deluccia v. City of Paterson*, No. 09-703, 2012 WL 909548, at *1 (D.N.J. March 15, 2012). Such deference is "especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 214 (D.N.J. 1997) (citing *Public Interest Research Group v. Hercules, Inc.*, 830 F. Supp. 1525, 1547 (D.N.J.1993), *aff'd on other grounds and rev'd on other grounds*, 50 F.3d 1239 (3d Cir.1995)). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful[,] or unreasonable," which means "no reasonable [person] would take the view adopted by the trial court." *Lindy Bros. Builders, Inc. v. Am. Radiator & Std. Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976) (en banc). "If reasonable [persons] could differ as to the propriety of the action[,]" however, it cannot be said the trial court abused its discretion." *Id.*

4

A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Emps. Mut. Liab. Ins. Co. of Wis.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied the applicable law." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000) (citation omitted). Under this standard, a "district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co., Inc.*, 191 F.R.D. 59, 68 (D.N.J. 2000) (citation omitted).

### III. DISCUSSION

Plaintiff contends that Judge Waldor's Order award of $800 in attorney's fees is contrary to Fed. R. Civ. P. 37(b)(2)(C), which requires attorney's fees incurred in drafting the motion to compel and motion for attorney's fees, as well as the brief, and certification in support thereof to be awarded. (ECF No. 61). The Court reviews Judge Waldor's Order awarding attorney's fees for abuse of discretion.

The text of Rule 37(b)(2)(C) is instructive. It provides:

> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C).

The language of the Rule indeed uses the word "must," and further instructs the court to order payment of reasonable expenses, including attorney's fees, however, the Rule does not delineate exactly what fees the prevailing party is entitled to, much less contain an explicit

5

command that attorney's fees must be awarded for drafting the underlying motion or for motion practice related to a discovery violation. Judge Waldor was guided by the principle that Plaintiff should be compensated for the time expended in preparing for Defendant's deposition given Defendant's failure to appear. Based on the submissions and docket entries related to Plaintiff's motion, the Court surmises that Judge Waldor exercised her discretion in finding $800—the amount of attorney's fees expended by Plaintiff's counsel in preparing for the deposition—to be the reasonable, proper amount based on the violation. The cases Plaintiff cites merely demonstrate cases in which those judges exercised their discretion in awarding reasonable costs and/or attorney's fees for the time and money expended for violations in a variety of circumstances. Other courts have not awarded the amount of fees requested. *See, e.g., Vineland Constr. Co v. Universal-Rundle Corp.*, No. 92-3115, U.S. Dist. LEXIS 22386, at *26-28 (D.N.J. January 2, 1996) ("While it is within this court's power to grant all of the fees requested. . .the court finds it improvident to do so. . . [t]he fees denied are as follows: $ 11,145 in legal fees to oppose Vineland's motion to amend the scheduling order, and $ 3,476 in legal fees to prepare the present motion for reimbursement.").

"The Third Circuit has instructed that monetary sanctions should relate directly to the expenses incurred due to the non-complying party's violation." *Barkouras v. Hecker*, No. 06-366, 2007 WL 777664, at *7 (D.N.J. March 12, 2007) (citing *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995)). Here, Judge Waldor exercised discretion as to the amount of fees to award, this Court will reverse the decision only for an abuse of that discretion. *See Kounelis*, 529 F. Supp. 2d at 518; *Cooper Hospital/Univ. Med. Ctr.*, 183 F.R.D. at 127; *Kresefsky*, 169 F.R.D. at 64; *Deluccia*, 2012 WL 909548, at *1. Such deference is "especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings."

6

*Lithuanian Commerce Corp.*, 177 F.R.D. at 214 (citation omitted). The record is devoid of evidence that Judge Waldor's action was "arbitrary, fanciful[,] or unreasonable," which means "no reasonable [person] would take the view adopted by the trial court." *Lindy Bros.*, 540 F.2d at 115. Even if this Court took a different view, "reasonable [persons] could differ as to the propriety of the action[,]" and it cannot be said that Judge Waldor abused her discretion. *Id.* Moreover, a "district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews*, 191 F.R.D. at 68 (citation omitted).

Here, Judge Waldor concluded that the appropriate amount in fees was limited to Plaintiff's time spent preparing for Defendant's deposition. *Martin*, 63 F.3d at 1263 (discussing Rule 37(b) monetary sanctions the court noted that "any monetary damages [must] be specifically related to expenses incurred by the violations"). The record provides no basis for the Court to determine that Judge Waldor abused her discretion or clearly erred. Thus, the motion is denied.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's appeal of the Magistrate Judge's Order dated July 12, 2024 (ECF No. 60) is **DENIED**, and Judge Waldor's Order (ECF No. 61) is **AFFIRMED**. An appropriate Order accompanies this Opinion.

DATED: February 19, 2025

JULIEN XAVIER NEALS
United States District Judge